Ismael H. Herrero et al., Appellants, *v.* Registrar of Property of San Juan (Second Section), Respondent.

No. 1142. Submitted May 24, 1944.—Decided May 31, 1944.

*Dubón & Ochoteco, Otero Suro & Otero Suro,* and *M. Benítez Flores,* for appellants. The registrar appeared by brief.

Mr. Justice De Jesús delivered the opinion of the court.

Luis Meaux brought an action of debt in the District Court of San Juan against the Estate of José Rodríguez Pérez. The defendants answered the complaint and prayed that costs and attorney's fees be imposed on the plaintiff. In order to secure the payment of said costs and attorney's fees, the defendant sought and obtained from the district court the attachment of property belonging to the plaintiff in the amount of $3,500, and furnished bond for that same amount. Upon the order of attachment being presented for record, the Registrar of Property of San Juan (Second Section) denied the same on the following grounds: 1, because

the attachment was ordered in favor of the defendants without it appearing from the documents introduced that said defendants had filed a counterclaim or cross-complaint; and 2, because the order prohibiting the alienation of the attached property was issued, and said order of prohibition may only be issued when the obligation on which suit is brought be the delivery of a certain thing possessed by the debtor or by a third person in the name of such debtor.

██ In support of his first ground, the registrar argues that pursuant to the specific provisions of the statute, attachment is a remedy granted to the plaintiff exclusively, and that the defendant may obtain the same only when, after setting up a counterclaim or a cross-complaint, he legally becomes or takes the place of a plaintiff in regard to the allegation he sets up. The registrar further alleges that, according to §1 of the Act to Secure the Effectiveness of Judgments, an attachment may be obtained only when suit is brought for the fulfillment of an obligation, and that in the present case no obligation existed on the part of the plaintiff in favor of the defendants at the time that the attachment was decreed. The possibility that the complaint may not prosper and that the plaintiff may be adjuged to pay costs and attorney's fees, says the registrar, is a contingency which might or might not occur, but that if the existence of such a possibility were sufficient for the issuance of an attachment, then there could arise in all cases two attachments; the one sought by the plaintiff to secure the fulfillment of the obligation on which suit is brought, and the one sought by the defendant in order to secure the payment of costs and attorney's fees, should the complaint be dismissed.

The appellants contend that, pursuant to the provisions of §327 of the Code of Civil Procedure (1933 ed.), the party for whom a judgment or final order is rendered is entitled to be allowed costs, as well as attorney's fees, if the ad-

verse party has acted with obstinacy. The defendants-appellants insist that in case the judgment should be rendered in their favor, they are entitled, by means of attachment, to secure the effectiveness of the judgment imposing costs and attorney's fees on the plaintiffs.

It is true that said §327 provides that the party in whose favor any judgment or final order is rendered shall be allowed costs and also attorney's fees if the adverse party shall have acted with obstinacy. But when does the obligation to pay costs and attorney's fees arise? Appellants themselves state on page 7 of their brief the following:

"If the only conclusion reached is that the imposition of costs and attorney's fees is an obligation which is derived from law, binding a party to pay to the *defeated* party a certain amount of money, it must be concluded that *said imposition gives rise to a creditor and a debtor.*" (Italics ours.)

If in order that said obligation should exist, a judgment or a final order in favor of the defendant must have been rendered, said obligation is conditional and should be covered by §1067 of the Civil Code (1930 ed.) which provides that "In conditional obligations, *the acquisition of rights* as well as the extinction or loss of those already acquired, *shall* depend upon the event constituting the condition." (Italics ours.) Since at the time that the attachment was ordered, the obligation claimed by the defendants did not exist, inasmuch as a judgment containing such pronouncement had not been rendered in their favor, it is evident that they did not have a cause of action to claim an obligation which had not arisen, and in the absence of such a cause of action, they could not obtain an attachment in their favor. *Armstrong & Co.* v. *Irizarry,* 29 P.R.R. 563, *Gastón* v. *Heirs of Franceschi,* 43 P.R.R. 293, 294. In the last-mentioned case this court said:

". . . There is no doubt that if the cross complaint clearly fails to state facts sufficient to constitute a cause of action, any measure

taken to secure the effectiveness of any judgment that might be rendered by virtue thereof would fall to the ground."[1]

As to the second ground for the refusal, the appellants agree with the registrar in that in the case at bar the order of prohibition to alienate did not lie, but they contend that the registrar could have denied the entry of the order of prohibition to alienate but not the order of attachment.

We agree with the theory that for the mere fact that the order of prohibition to alienate was unduly issued, the record of the attachment should not have been denied; but since the latter did not issue for the reasons above set forth, the registrar could not have acted as sought by the appellants.

Lastly, the appellants allege that the power granted to a registrar under §18 of the Mortgage Law to pass upon the documents presented to him does not include cases like the present one, wherein a judicial order clothed with jurisdiction is involved.

In *Valiente* v. *Registrar,* 63 P.R.R. 143, relied on by appellants themselves in support of their theory, and in *Fortis* v. *Registrar,* 43 P.R.R. 89, and *Heirs of Estrella* v. *Registrar,* 41 P.R.R. 751, cited with approval in the former case, it is held that when the district court renders a final order, the registrar must accept it as correct and sufficient if the court had jurisdiction of the subject matter and *the procedure followed was the one prescribed by law.* See also Galindo and Escosura, *Legislación Hipotecaria,* 4th ed., vol. II, p. 128.

We concede that the district court had jurisdiction over the action, but it is unquestionable that the procedure followed by it in issuing the attachment was not the one prescribed by law, inasmuch as it decreed the same prematurely

---

[1] For a study of the origin of the doctrine which requires the existence of a cause of action in order that an attachment may issue, see Annotation in 39 Am. Dec. 606.

to secure an obligation which as yet had no legal existence, and therefore the issuance of an order of attachment did not lie.

The ruling appealed from must be affirmed.